UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON T. WHITE,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.
_____/

CIVIL ACTION NO. 04-74037

DISTRICT JUDGE BERNARD A. FRIEDMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Defendant City of Detroit's Motion to Compel Discovery was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on June 23, 2005. Having reviewed defendant's motion, together with memoranda in opposition filed by plaintiff on May 31, 2005 and June 21, 2005, and having heard the arguments of counsel, I find that the motion should be granted.

Plaintiff, Ron T. White, maintains this action individually, and as one "doing business as" the Trenchtown Private Social Club ("TPSC"). Plaintiff filed this action on October 15, 2004. He filed a timely Amended Complaint on November 5, 2004. Defendant City of Detroit filed its Answer, Affirmative Defenses and a Counterclaim on November 19, 2004.

Plaintiff maintains that the members of the TPSC must pay dues and must adhere to club policies. The members/patrons of the club "gather on Friday and Saturday evenings, to listen to, or dance to, reggae music, between the hours of 11:00 o'clock in the evening (11:00 p.m.), until approximately 5:00 o'clock the next morning (5:00 a.m.). The club sells soft drinks and snacks, but no alcoholic beverages are sold or permitted to be

1

possessed on the premises. Club policy prohibits the use of illegal drugs on the premises. Persons entering must submit to a physical search to insure that no weapons are brought onto the property. The music is played by disc jockeys rather than by live bands.

Plaintiff seeks relief under 42 U.S.C. §1983 for alleged violations of his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. He further claims damages under theories of civil conspiracy, defamation of his business and harassment. In addition, he seeks declaratory relief, including a judgment that a provision of the Detroit Municipal Code relating to the licensure of dance halls is void, and further that his business is "a private club" within the meaning of the Detroit Municipal Code, and thus exempt from any requirement for licensure by the City.

The City of Detroit seeks by its counterclaim a judgment that White operates a "dance hall" for a commercial or business purpose subject to licensure under the Detroit Municipal Code. The City seeks a judgment that White's unlicensed operation of his business constitutes a nuisance per se, and an order directing the abatement of the nuisance.

In his reply to the City's counterclaim, White denies that he operates the TPSC as a business and reasserts his position that the organization is a private club rather than a for profit operation. He denies that he operates a dance hall, and denies as well that the private social club which he operates is in violation of the Detroit zoning ordinances.

The City of Detroit served plaintiff with its First Requests for Production of Documents on October 26, 2004. Among the documents requested were membership lists, membership criteria, dues records, lists of past and present officers, meeting minutes, constitution and bylaws, rules and regulations and statements of purpose for plaintiff's

alleged private club.  Plaintiff failed to object or make timely production of the documents requested.  The City filed its Motion to Compel Discovery on April 18, 2005.  Plaintiff failed to file a timely response under Local Rule 7.1.  He did file untimely memoranda on May 31, 2005 and June 21, 2005.  The motion was originally set for hearing on June 2, 2005.  Plaintiff's counsel, however, failed to comply with the meet and confer requirements in the Notice of Hearing.  The matter was reset for June 23, 2005.

In a Joint List of Unresolved Issues submitted on June 21, 2005, the sole issue addressed is the propriety of a court order directing the production of membership lists for the plaintiff's allegedly private club.  Plaintiff objects to production on the ground that it would violate the First Amendment right of the members to free association.  Counsel for the City responds that the objection was not timely made, and should be considered waived.  Plaintiff's memorandum of law filed on June 21, 2005 concedes the untimeliness of his objection, but maintains that the objection is of constitutional dimension and should be sustained notwithstanding any lack of timeliness.

Fed.R.Civ.P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

I am satisfied that the membership list sought by the defendant City of Detroit is relevant to plaintiff's claim for a declaratory judgment that the TPSC is "a private club" and, thus, not

subject to city licensure requirements.   The list is further relevant to defendant City of Detroit's counterclaim that the TPSC is not a private club, but a commercial business subject to the license requirements of the Detroit Municipal Code.  The existence, or non-existence, of the membership list is relevant to the proper characterization of the enterprise. The persons named on such a list are likely to have first hand knowledge of the manner in which the entity was organized and operated, and thus are likely to have information of significance to the determination of the issues raised in the pleadings.

In resisting the production of membership lists, plaintiff asserts a qualified privilege based upon the First Amendment right of association.  The issue is not insubstantial.  The Supreme Court instructs that the right of peaceable assembly, like freedom of speech and free press, was considered by the framers of the Constitution to be essential to the formation of "a government dedicated to the establishment of justice and the preservation of liberty . . .."  Bates v. City of Little Rock, 361 U.S. 516, 524 (1960).  The court in Bates found it "beyond dispute that freedom of association for the purpose of advancing ideas and airing grievances is protected by the due process clause of the Fourteenth Amendment from invasion by the states."  Id.  In Gibson v. Florida Legislative Investigation Committee, 372 U.S. 539 (1963) the Court held that a substantial relationship between information sought and a subject of overriding and compelling state interests was necessary to the validity of an investigation which intruded into the area of the protected right of association. The Court held that the state had not "demonstrated so cogent an interest in obtaining and making public" the membership information of the NAACP.  Id, at 546.

In the case at bar, plaintiff seeks exemption from the regulatory requirements of the Detroit Municipal Code. The City, by contrast, seeks to confirm plaintiff's obligation to comply with City licensing and zoning requirements. A business which fails to comply with the City code is a nuisance, and subject to abatement. I am satisfied that the City has a legitimate and compelling interest in the protection of its citizens from the nuisance of unregulated commercial business operations. The pleadings in this case reveal that seven persons, including one police officer, were wounded by gunfire which erupted outside of the plaintiff's premises immediately following police activity at that location.

In <u>Marshall v. Bramer</u>, 828 F.2d 355 (1987), the United States Court of Appeals for the Sixth Circuit affirmed the Order of a Kentucky District Court finding members of a white supremacist organization in contempt for failure to comply with a Subpoena for production of membership lists and other organizational information. While recognizing the importance of the right of association of the members, the court balanced against it the requesting party's need for the information. The court found significant the fact that, unlike the government entity in <u>Gibson</u>, the party requesting the membership list in <u>Marshall</u> had no intent to publicly disclose the information. Rather, the information was being sought by a private litigant during the course of civil discovery, a process monitored at the request of litigants by district courts who have "substantial latitude" in the exercise of their oversight. While the requesting party in the case at bar is a municipal government, the membership information is sought solely for purposes of conducting this civil lawsuit, and not for public disclosure. This court may exercise close control of the discovery process to prevent abuse. This case is also distinguishable from <u>Bates</u> and <u>Gibson</u> in the nature of the organization whose membership lists is sought. In <u>Bates</u>, the court observed that it was

5

"beyond dispute that freedom of association for the purpose of advancing ideas and airing grievances is protected by the due process clause of the Fourteenth Amendment from invasion by the states." The court further observed that "inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs." The membership lists in the case at bar relate to an association based upon a common interest in a particular style of music. While the right of association on such a basis is not inconsequential, the risk of (non public) disclosure of members' identities for the sole and limited purpose of prosecuting a single civil action is decidedly less daunting than those faced by the (public) disclosures considered in the cited Supreme Court actions. The risk of official persecution based upon musical preferences is similarly remote. As the Sixth Circuit observed in Marshall, a district court has "substantial latitude" in the exercise of its oversight over the exchange of information in civil discovery. I am satisfied that disclosure in this case can be ordered with restrictions sufficient to protect the legitimate concerns of plaintiff's members as well as those of the City.

IT IS THEREFORE ORDERED that Defendant City of Detroit's Motion to Compel Discovery is GRANTED. Plaintiff shall produce all documents responsive to Request No. 1b of City of Detroit's First Request for Production of Documents within twenty-one (21) days of the date of this Order. Plaintiff's objections to the production of the membership lists are overruled on the merits. Any documents produced in response to defendant City of Detroit's Document Request 1b shall be utilized by defendant solely for purposes related to the preparation and prosecution of this action. The City of Detroit shall make no publication of the documents produced, or any portion of the contents thereof. No

additional copies of the documents produced in response to Request 1b shall be made. The contents of documents produced in response to Request 1b shall not be included in or attached to any pleading or other document filed with the court. Counsel for defendant City of Detroit may contact persons identified on the membership lists produced in response to Request 1b solely for the purpose of preparation and prosecution of this action, and for no other purpose. The membership lists produced in compliance with this Order shall be considered confidential and shall be maintained in a secure location which will permit their use solely for purposes of this action. The membership lists produced pursuant to this Order shall be returned to counsel for plaintiff within sixty (60) days following the conclusion of this action, including any appellate proceedings undertaken in connection therewith.

IT IS FURTHER ORDERED that plaintiff shall produce all other documents responsive to City of Detroit's First Requests for Production of Documents within twenty-one (21) days of the date of this Order. All objections to the production of said documents are deemed waived by reason of plaintiff's failure to assert them in a timely fashion.

Plaintiff is advised that repeated failures to comply with a party's obligations under the Federal Rules of Civil Procedure relating to discovery may, after a warning, warrant the imposition of sanctions under Fed.R.Civ.P. 47, which sanctions may include an Order

striking out pleadings or parts thereof, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party.


        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: July 8, 2005

_____

### CERTIFICATE OF SERVICE

    I hereby certify on July 8, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 8, 2005.  **Richard Steinberg.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217